**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mindy Zommick, | No. CV-23-00636-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Lewis Construction Company LLC, et al., | |
| Defendants. | |

Defendant Lewis Construction Company LLC ("Defendant") filed a Motion for Leave to File a Third-Party Complaint ("Motion") (Doc. 26)[1] under Federal Rules of Civil Procedure 14(a) and 15(a) seeking to implead non-parties Leaders Communications Inc. ("LCI"), SkySpy LLC ("SkySpy"), and Michael Kelly ("Kelly") (collectively, the "Third-Parties") as third-party defendants in this matter. The Court must determine whether Defendant may file the Proposed Third-party Complaint (Doc. 26-1) setting forth indemnity and contribution claims under federal law or state law. For the following reasons, the Court will deny Defendant's Motion for Leave to File a Third-Party Complaint without prejudice.

**I.     Background**

Plaintiff Mindy Zommick ("Plaintiff") is an Arizona citizen and claims to be a former employee of Defendant.  (Doc. 1 at ¶¶ 11, 39).  Defendant is an Arizona limited

---

[1] The matter is fully briefed.  Plaintiff filed a Response (Doc. 28).  Defendant did not file a Reply and the time to do so has passed.  *See* LRCiv. 7.2(d) (moving party has seven (7) days to file a reply memorandum).

liability construction company that does business in the Phoenix Metropolitan Area. (Doc. 9 at ¶ 33).  LCI was the general contractor for a construction project at Luke Air Force Base.  (Doc. 26-1 at ¶ 3).  LCI allegedly contracted with Defendant to perform various construction project tasks relating to removal and installation of hardware for cable services.  (*Id*. at ¶ 7).  Because the construction project required low voltage work, and Defendant did not conduct low voltage work, Defendant claims it subcontracted with SkySpy to install low voltage cables, who ultimately hired Plaintiff perform the relevant work.  (*Id*. at ¶¶ 10–12).  Defendant alleges that SkySpy and Plaintiff entered into a subcontractor agreement, in which SkySpy classified Plaintiff as an independent contractor and agreed to compensate Plaintiff for the work she performed.  (*Id*. at ¶ 12).  Defendant did not attach any copies of the referenced contracts to its Motion. (*See generally* Doc. 26).

### A.    Plaintiff's Work History

Plaintiff represents she began working for Defendant as an employee "running CAT 6 cables"[2] from around October of 2022 until approximately December 27, 2022. (Doc. 1 at ¶¶ 34, 44).  Plaintiff states she ordinarily worked between "30 and 60 hours a week."  (*Id*. at 45).  She claims that her last paycheck from Defendant was received on November 1, 2022, and that she was never paid for her final eight (8) weeks of work. (*Id*. at ¶¶ 48–55).  Defendant denies these allegations and represents that Plaintiff was an independent contractor who worked for Defendant's subcontractor—SkySpy—not Defendant.      (Doc. 9 at ¶¶ 51, 65).    Defendant maintains that SkySpy is directly responsible for compensating Plaintiff.  (Doc. 26-1 at ¶¶ 12, 16–17).  Defendant further posits that LCI, as the general contractor for the construction project, is also directly responsible for ensuring all of its subcontractors, including Plaintiff, were timely compensated.  (*Id*.)

### B.    Procedural History

Plaintiff filed a Complaint (Doc. 1) bringing four claims against Defendant.

---

[2] CAT 6 cables, or category 6 cables, are used to connect computer network devices such as modems, routers, computers, servers, and switches.

1  Plaintiff's Counts One and Two seek unpaid minimum wages and overtime wages under

2  the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 ("FLSA") (Doc. 1 at ¶¶ 79–90).

3  Plaintiff's Count Three seeks unpaid minimum wages under the Arizona Minimum Wage

4  Act, A.R.S. §§ 23-362 to 23-365 ("AMWA").   (Doc. 1 at ¶¶ 91–94).   Plaintiff's

5  Count Four seeks unpaid wages under the Arizona Wage Act, A.R.S. §§ 23-350 to 23-

6  361 ("AWA").  (Doc. 1 at ¶¶ 95–99).  Defendant filed an Answer (Doc. 9).  The Court

7  issued a September 6, 2023, Rule 16 Scheduling Order (Doc. 20) that imposed a 60-day

8  deadline for filing supplemental pleadings.   (*Id.* at ¶ 2).   On November 6, 2023,

9  Defendant filed the present Motion requesting leave to implead the Third-Parties as third

10  party-defendants.  (*See* Doc. 26).  Defendant attached a Proposed Third-Party Complaint

11  to its Motion.  (*See* Doc. 26-1).

12  **II.   Legal Standards**

13          Defendant filed its Motion under Rules 15(a) and 14(a).[3]  Rule 15(a) sets forth the

14  procedure for amending existing pleadings, not filing supplemental pleadings like

15  impleaders.  *See generally* Fed. R. Civ. P. 15(a).  So, Rule 15(a) is not relevant to

16  Defendant's requested relief.

17          Defendant's Motion implicates Rule 14(a), which provides a third-party complaint

18  may be brought by a defendant "on a nonparty who is or may be liable to it for all or part

19  of the claim against it."  Fed. R. Civ. P. 14(a)(1).  However, if the third-party complaint is

20  brought more than 14 days after its answer, it "must obtain the court's leave."  (*Id.*)

21  Furthermore, the party moving to file the third-party complaint "must also demonstrate

22  that impleading a third-party defendant is proper under [Rule] 14."  *Knight Transp., Inc.*

23  *v. Baldwin & Lyons, Inc.*, 2014 WL 296681 at *2 (D. Ariz. Jan. 27, 2014).  The purpose

24  of granting leave to implead a third-party is "to promote judicial efficiency by

25  eliminating the necessity for the defendant to bring a separate action against a third

26  individual who may be secondarily or derivatively liable to the defendant for all or part of

27  the plaintiff's original claim."  *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777

28  ─────────────────
[3] Unless where otherwise noted, all Rule references are to the Federal Rules of Civil Procedure.

1    (9th Cir.1986).

2        In determining whether to grant request to implead a third-party, district courts in

3    this circuit consider the following three factors: "[1] the timeliness of the motion, [2]

4    whether the impleader is likely to delay the trial, and [3] whether the impleader will cause

5    prejudice to the original plaintiff."  *Helferich Pat. Licensing, LLC v. Legacy Partners,*

6    *LLC*, 917 F. Supp. 2d 985, 988 (D. Ariz. 2013) (citing *Irwin v. Mascott*, 94 F.Supp.2d

7    1052, 1056 (N.D. Cal. 2000)).  District courts "must also consider whether the proposed

8    third-party complaint alleges a cause of action for which relief may be granted."  *Id.*

9    Granting a party leave to file a third-party complaint is within the "sound discretion of

10   the trial court."  *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir.

11   1983).

12   **III.    Discussion**

13       As an initial matter, the Court finds the Third-Parties may be liable for all or some

14   part of Plaintiff's claim against Defendant in light of Defendant's allegations that the

15   Third-Parties are directly liable for compensating Plaintiff due to their contractual

16   relationships.  *See* Fed. R. Civ. P. 14(a)(1); (Doc. 26-1 at ¶¶ 12, 16–17).  The Court will

17   proceed to discuss the propriety of the impleader Motion under the factors set forth in

18   *Helferich Pat. Licensing, LLC v. Legacy Partners, LLC* as well as the merits of the claims

19   in the Proposed Third-Party Complaint.

20   **A.    Defendant Has Not Met Its Burden in Showing That It Is Proper to**
21   **Impleade the Third-Party Defendants**

22       Defendant argues that because discovery is still ongoing and no trial date has been

23   set, "no party will be prejudiced by the Proposed Third-Party Complaint."  (Doc. 26 at 2).

24   Defendant also represents that it is not bringing the motion for "purposes of bad faith or

25   undue delay. . . ."  (*Id*. at 3).  Plaintiff opposes, contending the Proposed Third-Party

26   Complaint would prejudice her because it would "shift focus away from [her] wage

27   claims and focus the dispute between [her] employer and the parties from whom they

28   seek indemnification."  (Doc. 28 at 2).  She further maintains the "addition of new parties

will necessarily cause a delay in proceedings" and Defendant's Motion is untimely as it waited four months to file.  (*Id*. at 3–4).

As to the first *Helferich* factor, the Court find that Defendant filed its Motion in a timely fashion.  Defendant filed the Motion within the 60 days as required by the Court's September 6, 2023, Rule 16 Scheduling Order.[4]  *See Cheng v. Chien*, 2021 WL 4812325 (C.D. Cal. Apr. 25, 2021) (finding that impleader was timely when moving party filed before supplemental pleading deadline).

As to the second *Helferich* factor, the Court agrees with Plaintiff that the impleader would likely delay trial.  Impleading the Third-Parties as defendants in this matter would expand discovery, which has already been extended once.  (*See* Doc. 33). The Third-Parties would likely request additional time for dispositive motions and discovery as they would be introduced into the current litigation nearly a year after Plaintiff's original complaint.  *See Sw. Administrators, Inc. v. Rozay's Transfer,* 791 F.2d 769 (9th Cir. 1986) (affirming trial court's denial to file impleader as it would have complicated and lengthened the trial).

As to the third *Helferich* factor, the Court agrees with Plaintiff that granting the Motion would likely prejudice Plaintiff.  Impleading the Third-Parties would likely complicate the trial because it would introduce extraneous issues.  For example, the jury would have to navigate the rights and relationships between a multiplicity of parties, and the Court would have to determine the contractual obligations and disputes between the parties.  Plaintiff's claims, however, arise under FLSA, AWA, and AMWA, not contract law.  The ensuing arguments over indemnification, contribution, and liability would necessarily detract from Plaintiff's wage compensation claims.  *See Helferich*, 917 F. Supp. 2d at 989 (explaining that "the question of [] allocation of responsibility [among various companies] would significantly complicate and lengthen the trial, and introduce questions that are extraneous to the [underlying] claims.").

Overall, although Defendant filed its Motion in a timely fashion, the Court finds

---

[4] Defendant filed the present motion on November 6, 2023, the last day of the 60 day deadline.

that granting the Motion would likely delay trial and prejudice Plaintiff by expanding discovery and the field of issues.  For these reasons, Defendant's Motion will be denied.

**B.    The Merits of the Claims in Defendant' Proposed Third-Party Complaint**

Though Defendant's Motion can be denied due to risk of delay and prejudice alone, the Court finds expansion of this case is particularly inappropriate because Defendant's Proposed Third-party Complaint fails to state a claim upon which relief could be granted.  *See id*. at 990–92 (proceeding to assess the merits of a third-party complaint even though the impleader motion was improper on other grounds).  Defendant seeks to implead the Third-Parties under theories of indemnity and contribution, but does not identify any private cause of action.  (*See* Doc. 26-1 at ¶¶ 20–26).  Nor can the Court identify any viable action under federal or state law.

**1.    Defendant's Proposed Third-Party Complaint is Futile Under Federal Law**

Plaintiff argues no federal common law exists for the relief Defendant seeks and that the "FLSA does not imply a right to contribution or indemnification for liable employers."  (Doc. 28 at 5, 4).  In response, Defendant generally contends that its "Motion and Third-Party Complaint are not futile."  (Doc. 26 at 3).

Many courts in the Ninth Circuit have held that third-party complaints concerning indemnity or contribution are barred when the federal law in question does not provide indemnity or contribution as a defense.  *See e.g.*, *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196 at 200 (9th Cir. 1988) (holding that a third-party complaint was correctly dismissed because "[i]ndemnity is unavailable under the federal securities laws"); *Kim v. Fujikawa*, 871 F.2d 1427, 1434 (9th Cir. 1989) (finding the defendant's "third-party claim [for contribution or indemnity] necessarily fails since [the Employee Retirement Income Security Act], the governing substantive law, does not recognize a right of contribution").  Plaintiff's claims arise in part under the FLSA, and the Ninth Circuit has

"declined to find an implied cause of action for contribution or indemnification under the FLSA." *Scalia v. Emp. Sols. Staffing Grp., LLC*, 951 F.3d 1097, 1105 (9th Cir. 2020). Accordingly, Defendant's Proposed Third-Party Complaint fails to state a claim for which relief can be granted under federal law.

### 2.  Defendant' Proposed Third-Party Complaint is Deficient Under Arizona State Law

Defendant's purported claims for common law indemnity and contribution claims also fail to state a claim for relief under state law.

### a.  Indemnification Claims

In Arizona, "a common-law indemnity claim may be asserted by a contractor against its subcontractors." *Evans Withycombe, Inc. v. W. Innovations, Inc.*, 159 P.3d 547, 553 (Ariz. Ct. App. 2006). However, a plaintiff in a common law indemnity action generally must show: "(1) it discharged a legal obligation owed to a third party; (2) for which the indemnity defendant was also liable; and (3) as between the two, the obligation should have been discharged by the [indemnity] defendant." *KnightBrook Ins. Co. v. Payless Car Rental Sys. Inc.*, 409 P.3d 293, 295 (Ariz. 2018) (quoting *MT Builders, L.L.C. v. Fisher Roofing, Inc.*, 197 P.3d 758, 764 (Ariz. Ct. App. 2008) (internal quotation marks omitted)). Furthermore, "[a] party seeking common law indemnity must be without independent or active fault." *Hatch Dev., LLC v. Solomon*, 377 P.3d 368, 374 (Ariz. Ct. App. 2016) (citing *Herstam v. Deloitte & Touche, LLP*, 919 P.2d 1381, 1388–89 (Ariz. Ct. App. 1996)).

Defendant alleges that LCI is liable for Plaintiff's alleged damages as the general contractor on the construction project and SkySpy is liable for Plaintiff's alleged damages as Plaintiff's direct contractor.  (Doc. 26-1 at ¶¶ 12, 16–17).  Defendant thus claims that LCI and SkySpy are both liable to Defendant should Plaintiff prevail on her claims against Defendant.  (*Id*. at ¶¶ 22, 26).  However, it is unclear what "legal obligation" Defendant discharged or owed to LCI, SkySpy, or Plaintiff.  Defendant's Proposed Third-Party Complaint contains a threadbare recital of its contractual

1   relationship with LCI and SkySpy, but Defendant has not provided the underlying
2   contracts between the parties.  (*See* Doc. 26-1 at ¶¶ 1–2, 7–8, 12, 16–17).  For example,
3   Defendant concludes that SkySpy "would . . . compensate Plaintiff for work performed"
4   and that "LCI was responsible for ensuring that its subcontractors were paid in a timely
5   manner," but does not provide the Court with any information about how it reached those
6   conclusions.  (*Id*. at ¶ 8).  Without more, the Court cannot identify a discharge of legal
7   obligations, party liability, or fault.  Defendant has therefore failed to state a common law
8   indemnity claim under Arizona law.

9                                   **b.      Contribution Claims**

10          As to Defendant's claim for contribution, Defendant does not point to, nor is the
11  Court aware, of caselaw or statutes under Arizona law that pertain to the contribution
12  issues here.[5]  The Court will not do any more work for Defendant.

13  **IV.   Conclusion**

14          Defendant's Motion is improper under Rule 14(a) due to risk of undue delay and
15  confusing the issues at trial.  Furthermore, Defendant's Proposed Third-Party Complaint
16  fails to state a claim upon which relief can be granted.  At minimum, Defendant's claims
17  are futile under federal law.

18          Accordingly,

19          **IT IS ORDERED** that Defendant Lewis Construction Company LLC's Motion
20  for Leave to File a Third-Party Complaint (Doc. 26) is **DENIED without prejudice**.

21          Dated this 22nd day of May, 2024.

22

23                                                          _____
24                                                          Honorable Diane J. Humetewa
                                                            United States District Judge
25

26

27  _____
    [5] The Court conducted preliminary research concerning contribution under Arizona law
28  and noted A.R.S. § 12-2501, the Uniform Contribution Among Tortfeasors Act.
    However, this statute applies to tortfeasors and neither the Complaint nor the Proposed
    Third-Party Complaint arises under tort law.