**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mindy Zommick, | No. CV-23-00636-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Lewis Construction Company LLC, et al., | |
| Defendants. | |

At issue is Plaintiff's Motion for Entry of Default Judgment ("Motion") against Lewis Construction Company LLC, Chad Lewis, Brandin Lewis, and Jenniffer Lewis (listed in Doc. 1 as Jane Doe Lewis) (collectively "Defendants") (Doc. 46). Defendants did not file a response. For the reasons set forth below, the Court will grant default judgment against all Defendants.

**I.      Background**

Plaintiff Mindy Zommick filed a Complaint on April 15, 2023, against Defendants (Doc.1). The Complaint alleges claims under the Fair Labor Standards Act ("FLSA) for unpaid overtime and federal minimum wages, the Arizona Minimum Wage Act ("AMWA") for unpaid state minimum wages, and under the Arizona Wage Act ("AWA") for unpaid wages. (*Id*.) Plaintiff served Defendants Lewis Construction Company LLC and Brandin Lewis on June 1, 2023 (Doc. 16–17). Defendants Chad Lewis and Jenniffer Lewis waived service on July 18, 2023 (Doc. 14–15). Defendants, despite initially answering the Complaint, failed to defend this case further even after the Court struck their

original Answers (Doc. 9, Doc. 21, Doc. 42).  The Clerk of the Court entered a default against Defendants on November 26, 2024 (Doc. 44).  Plaintiff then filed the present Motion (Doc. 46).  Defendants have not responded.  Plaintiff also requests the Court allow them to recover attorney fees and costs. (*Id.* at 11)

## II.    Legal Standard for Default Judgment

A district court's decision to enter a default judgment is discretionary.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  A court may order default judgment following the entry of default by the Clerk of the Court.  Fed. R. Civ. P. 55(b).  When considering the merits and sufficiency of a complaint for a default judgment, a court accepts a complaint's well pled allegations as true.  *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).  However, the plaintiff must still prove all damages sought in the complaint.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).  The Ninth Circuit has articulated the following factors to help courts determine when to exercise this discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  After reviewing the *Eitel* factors, the Court finds that they weigh in favor of default judgment on all claims.

### A. The Possibility of Prejudice

The first *Eitel* factor considers possible prejudice to the plaintiff.  *Eitel*, 782 F.2d at 1471.  The possibility of prejudice exists when the plaintiff "would be denied the right to judicial resolution of the claims presented and would be without other recourse for recovery."  *Elektra Entm't Group, Inc. v. Crawford*, 226 FRD 388, 392 (C.D. Cal. 2005).  Defendants have refused to participate in this litigation after their initial answer was struck down.  (Doc. 46 at 2).  As a result, Plaintiff has no other recourse but default judgment.  This factor supports therefore entry of default judgment.  *PepsiCo, Inc. v. California*

1    *Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

2                **B.  Merits of the Claims and Sufficiency of the Complaint**

3            The second and third *Eitel* factors favor default judgment where the complaint states

4    a sufficiently plausible claim for relief under the Rule 8 pleading standards.  *See Danning*

5    *v. Lavine*, 572 F.2d 1386. 1388 (9th Cir. 1978) (finding plaintiff must state a claim on

6    which they can recover).  Because both factors deal with the content of the complaint, they

7    are often analyzed together.  *See Ramos Perez v. Evolet's Painting Services LLC*, 2025 WL

8    4063609, at *2 (D. Ariz. Dec. 15, 2025); *see also Dr.  JKL Ltd. V. HPC IT Educ. Ctr.*, 749

9    F.Supp.2d 1038, 1048 (N.D. Cal. 2010).  For purposes of a default, all allegations made in

10   a complaint, that are not related to damages, are taken as true.  *Geddes*, 559 F.2d at 560.

11   Plaintiff brings a claim under the FLSA minimum wage and overtime provisions and state

12   law claims under the AMWA and the AWA.   The Court will examine each claim

13   individually.

14                            **1.  FLSA Claims**

15                            **a.  The FLSA**

16           The FLSA was passed "to protect all covered workers from substandard wages and

17   oppressive working hours, labor conditions [that are] detrimental to the maintenance of the

18   minimum standard of living necessary for health, efficiency and general well-being of

19   workers." *Barrentine v. Arkansas-Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981)(internal

20   quotes and citations omitted).  To state an FLSA claim, the plaintiff must show they are a

21   "covered worker", and not an independent contractor.  *See Adame v. North Mountain*

22   *Foothills Apartments LLC*, 2025 WL 1927673, at *2 (D. Ariz. July 14, 2025) (finding

23   independent contractors are not covered by the FLSA); *see also Rutherford Food Corp. v.*

24   *McComb*, 331 U.S. 722, 728-729 (1947)(finding employee does not "include those who,

25   without any express or implied compensation agreement, might work for their own

26   advantage on the premises of another.")  (internal quotes and citation omitted). The Court

27   must therefore determine if Plaintiff was an employee under the FLSA.

28

### b.  Employer-Employee Relationship

The FLSA defines an "employee" as "an individual employed by an employer." Before the Court can determine if Plaintiff is an employee of any of the Defendants, it must determine which if any of the Defendants are employers under the FLSA.  The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee".  (29 USC § 203 (d), (e)(1)).  The Ninth Circuit has described a four-factor test to identify if an alleged employer is an employer. *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1324 (9th Cir. 1991).  These four factors are: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* (quoting *Bonnet v. California Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)).

Here, Defendants Lewis Construction Company LLC, Chad Lewis, Brandin Lewis, and Jenniffer Lewis are all individually alleged to have had the power to hire and fire employees, supervised and controlled their work schedule, determined rate and method of payment, and maintained employment records.   (Doc. 1 ¶¶ 14–18).  These allegations, taken as true, support the claim that all four Defendants were employers under the FLSA. (*Id.*)

The Court must next determine if Plaintiff was an employee or independent contractor under the FLSA.  Plaintiff was classified by Defendants as an independent contractor but alleges in her Complaint that this was a misclassification.  (Doc. 1 at ¶ 39). How Defendant classified Plaintiff is not dispositive because the economic realities of the situation, not the contractual label or subjective intent of the parties, determine the employment status for purposes of the FLSA.  *Real v. Driscoll Strawberry Ass'n*, 603 F.2d 748, 755 (9th Cir. 1979).  The Ninth Circuit has established a six-factor test to help distinguish employees from independent contractors.  *Id.* at 754. These six factors include:

1) the degree of the alleged employer's right to control the manner in which

the work is to be performed; 2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; 3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; 4) whether the service rendered requires a special skill; 5) the degree of permanence of the working relationship; and 6) whether the service rendered is an integral part of the alleged employer's business.

*Id.* The circumstances of the whole activity, instead of the presence or absence of any one specific factor, are dispositive in determining whether there was an employee or employer relationship. *Id.*

Plaintiff alleges that while performing work for Defendant, she had no right to refuse work assigned to her. (Doc. 1 ¶ 43(h)). She further alleges that Defendants controlled her schedule and required her to wear a uniform. (Doc. 1 ¶¶ 40, 43(d)). This satisfies the first factor, that Defendants controlled the manner in which work is performed. *Real*, 603 F.2d at 754. When the alleged employer has control over the manner in which work is performed, this factor weighs towards an employee-employer relationship. *Donovan v. Sureway Cleaners*, 656 F.2d 1368, 1371 (9th Cir. 1981). Plaintiff further alleges that she had no opportunity to profit or suffer loss from the company and was not hired as a manager. (*Id.* at ¶¶43(e), 59–63). This addresses factor two, the alleged employee's opportunity for profit or loss depending upon his managerial skill. *Real*, 603 F.2d at 754. When an employee has no opportunity for profit or loss based on managerial skill, this factor weighs in favor of an employee-employer relationship. *Donovan*, 656 F.2d at 1372. Plaintiff also alleges she made use of Defendants' tools. (Doc. 1 ¶ 41). This satisfies factor three, indicating that Plaintiff did not invest in equipment required for the task. *Real*, 603 F.2d at 754. When employees do not invest in the tools or equipment necessary for the task, the third factor weighs against the plaintiff being an independent contractor. *Donovan*, 656 F.2d at 1372. Plaintiff was allegedly hired as a permanent employee. (Doc.1 ¶¶ 43(g)). This supports factor five, suggesting there was a degree of permanence of the working relationship between Defendants and Plaintiff. *Real*, 603 F.2d at 754. When the alleged employee is hired on a permanent basis instead of a fixed term,

1    this factor supports finding an employee-employer relationship. *Donovan*, 656 F.2d at

2    1372. Plaintiff additionally alleges that her work was integral to Defendants' business.

3    (Doc.1 ¶43(f)). This addresses the final factor, whether the alleged employees' work was

4    an integral part of the alleged employer's business. *Real*, 603 F.2d at 754. When a plaintiff

5    is integral to the operation of the alleged employer's business, this factor weighs in favor

6    of an employee-employer relationship. *Donovan*, 656 F.2d at 1372.

7    Accepting Plaintiff's allegations as true, five of the six factors support the claim that

8    Plaintiff was an employee of Defendants. *Geddes*, 559 F.2d at 560.

9                              **c.  FLSA Overtime Claims**

10    The FLSA requires that employers pay non-exempt employees one and half times

11    the regular rate for any time worked more than forty hours in a single week.

12    29 U.S.C. § 207(a)(2). To state a claim under the FLSA's overtime provision, the plaintiff

13    must allege that they were the employee of the defendant and worked for more than forty

14    hours without receiving proper compensation. 29 U.S.C. § 207(a)(2). As previously

15    analyzed, Plaintiff was an employee. *See supra* Section 1(b).

16    To meet the second element of the overtime provision, Plaintiff must allege at least

17    one work-week where their work exceeded forty hours and were not paid overtime wages.

18    *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014). This allegation

19    does not require mathematical precision. *Id*. Plaintiff alleges that she received her last

20    paycheck on November 1, 2022, and that she continued to work through December 27,

21    2022. (Doc. 1 at ¶¶ 49–50). Plaintiff alleges that for this eight-week period she received

22    no pay and worked 18.5 hours of overtime across the weeks of December 5, 2022, and

23    December 12, 2022. (Doc. 46 at 5–6). Plaintiff further alleges she was not paid for her

24    fifteen hours of overtime work during the workweeks of October 17,2022 and October 31,

25    2022. (*Id.* at 6). Plaintiff has thus alleged a total of four workweeks where she worked for

26    more than forty hours and was not paid overtime wages. This exceeds the standard for the

27    second element of the overtime provision. *Landers*, 771 F.3d at 646. Accepting the

28    allegations of the Complaint as true, the Court finds that Plaintiff has plausibly pled a

1    violation of the FLSA's overtime provision.  *Geddes*, 559 F.2d at 560.

2    ### d.  FLSA Minimum Wage Claims

3    The FLSA requires employers to pay non-exempt employees the federal minimum
4    wage of $7.25.  29 USCA § 206(a).  To allege a violation of the FLSA minimum wage
5    provision, a plaintiff must show she was an employee of the defendants, covered by the
6    FLSA, and Defendants failed to pay her a minimum wage.  *Smith v. Helton Brewing*
7    *Company LLC*, 2023 WL 5135142 (D. Ariz. Aug. 10, 2023) (internal quotes and citations
8    omitted) at *3.  As discussed above, Plaintiff worked as an employee of Defendants under
9    the FLSA.  *See supra* Section 1(b).  She also alleges to have received no pay from
10    November 1, 2022, to December 27, 2022.  (Doc. 1 at ¶ 51).  Accepting the allegations in
11    the Complaint as true, Plaintiff has therefore plausibly pled a violation of the FLSA
12    minimum wage provision.  *Geddes*, 559 F.2d, at 560.

13    ### 2.  AMWA Claims

14    The AMWA requires Arizona employers to pay employees the state minimum
15    wage, of $12.00 beginning on January 1, 2021, in addition to yearly cost of living
16    adjustments.  A.R.S. § 23-363.  "To state a claim under the AMWA, the defendant must
17    be an employer under the statute, the plaintiff must be a qualified employee of the
18    defendant, and the plaintiff must allege that she was not paid the applicable minimum wage
19    for hours worked."  *Smith*, 2023 WL 5135142 at *3 (internal quotes and citations omitted).
20    The AMWA defines an employer as "any corporation, proprietorship, partnership, joint
21    venture, limited liability company, trust, association, political subdivision of the state,
22    individual or other entity acting directly or indirectly in the interest of an employer in
23    relation to an employee[.]"  A.R.S. § 23-363(B).  As previously discussed when analyzing
24    Plaintiff's FLSA claims, accepting Plaintiff's alleged facts as true, all Defendants acted
25    either directly or indirectly in the interest of an employer in relation to an employee.  *See*
26    *supra* Section 1(b).  Therefore, the Court finds that Defendants Lewis Construction
27    Company LLC, Chad Lewis, Brandin Lewis, and Jenniffer Lewis are all employers under
28    the AMWA. A.R.S. § 23-362(B).

1    The AMWA instructs the Court to consult the FLSA to determine if there is an
2    employee or independent contract relationship between the plaintiff and defendants.
3    A.R.S. § 23-362(D).  The person for whom the work is performed has the burden of proof
4    to show the worker was an independent contractor, by clear and convincing evidence.  *Id.*
5    In this case, Defendants have offered no evidence on this issue.  (Doc. 46 at 2).  Following
6    the same reasoning used to analyze Plaintiff's FLSA claims, and with no evidence provided
7    to the contrary by Defendants, the Court finds that there was Plaintiff was in an employee-
8    employer relationship with Defendants under the AMWA.  *See supra* Section 1(b).
9    Plaintiff also alleges that she was not paid at all during this from November 1, 2022, to
10   December 27, 2022.  (Doc. 1 at ¶ 54).  Therefore, accepting the allegations of the Complaint
11   as true, the Court finds that Plaintiff has plausibly pled a violation of the AMWA.  *Geddes*,
12   559 F.2d, at 560.

13   **3.  AWA Claims**

14   The AWA requires employers in Arizona to pay their employees' wages in a timely
15   fashion.  A.R.S. § 23-351(C).  To bring an AWA claim, the plaintiff must state that their
16   employer failed to pay their wages within a specific timeframe.  *Perez*, 2025 WL 4063609
17   at *3.  An employee under the AWA is defined as "any person who performs services for
18   an employer under a contract of employment either made in this state or to be performed
19   wholly or partly within this state." A.R.S. § 23-350(2).  Plaintiff alleges that from October
20   3, 2022, to December 27, 2022, she was a resident of Maricopa County and was employed
21   by Defendants to run cable into buildings.  (Doc. 1 at ¶ 11, Doc. 46 at 5).  Plaintiff therefore
22   alleges she performed services under contract within the state of Arizona and was as a
23   result an employee under the AWA. A.R.S. § 23-250(2).

24   The term employer is more narrowly defined under the AWA than under the FLSA
25   or AMWA.  *Rosen v. Fasttrack Foods LLC*, 2021 WL 2981590 (D. Ariz. July 15, 2021) at
26   *5.  The AWA defines an employer as "any individual, partnership, association, joint stock
27   company, trust or corporation, the administrator or executor of the estate of a deceased
28   individual or the receiver, trustee or successor of any of such persons employing any

person." A.R.S. § 23-350(3). This does not include owners, officers, or directors of a corporate employer in a case where the claim is for the employer's wholesale failure to pay wages. *Rosen*, 2021 WL 2981590 at *5; *see also Channel v. Home Mortgage, Inc*, 2005 WL 8160525 (D. Ariz. Sep. 21, 2005) at *14 ("The Court concludes that Arizona courts would interpret the term "employer" in A.R.S. § 23-355 to include a corporation, but not officers or agents of the corporation."). Defendants Chad Lewis, Brandin Lewis, and Jenniffer Lewis are alleged owners of Lewis Construction Company, LLC. (Doc. 1 at ¶¶15–18). Plaintiff alleges from October 3, 2022, to December 27, 2022 she was employed by Lewis Construction Company, LLC. (Doc. 46 at 5). Lewis Construction Company, LLC is a "corporation" which employs individuals and therefore is an "employer" under the AWA. A.R.S. § 23-350(3). As a result, Defendants Chad Lewis, Brandin Lewis, and Jenniffer Lewis, as alleged owners of Defendant Lewis Construction Company, LLC, cannot be consider employers for purposes of the AWA claim. *Rosen*, 2021 WL 2981590 at *5. Plaintiff acknowledges this by only naming Defendant Lewis Construction Company, LLC as her employer for purposes of the AWA claim. (Doc. 1 at 17 ¶ 97). Plaintiff has therefore properly identified her employer under the AWA as Lewis Construction Company, LLC.

Finally, Plaintiff alleges that she was not paid at all for her work between November 1, 2022 and December 27, 2022. (Doc. 1 at ¶¶ 49–51). The Court, accepting all the Complaint's allegations as true, finds that Plaintiff has plausibly pled a violation of the AWA. A.R.S. § 23-355(A). *Geddes*, 559 F.2d, at 560.

### 4. Conclusion for second and third *Eitel* factors

When considering a default, the Court accepts all the Complaint's allegations as true. *Geddes*, 559 F.2d, at 560. Plaintiff has plausibly pled a violation of the FLSA, AMWA, and AWA in the Complaint. As a result, the second and third factors weigh in favor of a default judgment. *Peralta v. Custom Image Pros LLC*, 2023 WL 8455120 at *4 (D. Ariz. Dec. 6, 2023).

1

### C. The Amount of Money at Stake

2        The fourth *Eitel* factor considers the amount of money at stake. *Eitel*, 782 F.2d at

3    1471-72. "If the sum of money at stake is completely disproportionate or inappropriate,

4    default judgment is disfavored." *Twentieth Century Fox Film Corp. v. Streeter*, 438 F.

5    Supp. 2d 1065, 1071 (D. Ariz. 2006). Plaintiff here seeks damages in reference to

6    Defendant's violations of state and federal laws under the FLSA, AMWA, and AWA.

7    (Doc. 46 at 10–11). As analyzed below, the Court finds these damages are supported by

8    the FLSA, AMWA, and AWA. *See infra* Section 4. These are therefore proportionate and

9    appropriate to the conduct of Defendant and justify default judgment. *Peralta*, 2023 WL

10   8455120 at *4. The fourth *Eitel* factor thus weighs in favor of default judgment. *Id*.

11

### D. Possible Dispute Concerning Material Facts

12       The fifth *Eitel* factor considers the possibility of a dispute concerning material facts.

13   *Eitel*, 782 F.2d at 1471. As stated above, "based on the entry of default, the Court accepts

14   all allegations in [Plaintiff's] complaint as true (except for those relating to damages)."

15   *Twentieth Century Fox*, 437 F. Supp 2d, 1071. Defendants have had ample time and

16   opportunity to dispute Plaintiff's claims and have failed to do so. (Doc. 46 at 2). As a

17   result, there are no disputed facts left in this case, and this factor weighs in favor of default

18   judgment. *PepsiCo, Inc*, 238 F. Supp. 2d at 1177.

19

### E. Whether Default was Due to Excusable Neglect

20       The sixth *Eitel* factor considers whether default was due to excusable neglect, such

21   as ongoing settlement negotiations. *Eitel*, 782 F.2d at 1472. The Ninth Circuit has found

22   that if a defendant "has received actual or constructive notice of the filing of the action and

23   failed to answer," their conduct is culpable. *Franchise Holding II, LLC v. Huntington*

24   *Restaurants Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004) (internal quotes and citations

25   omitted). All Defendants in the current case either received notice or waived the right to

26   notice. (Doc. 46 at 2). All Defendants also provided an Answer to the Complaint (Doc. 9,

27   Doc. 21). Yet after their initial Answer was struck, they failed to defend their position

28   (Doc. 41). (Doc. 46 at 2). All Defendants had more than ample notice of the ongoing

1    action.  The Court finds that default was not due to excusable neglect.  As a result, this

2    factor weighs in favor of a default judgment. *PepsiCo, Inc.* 238 F. Supp. 2d at 1177.

3    **F.  The Policy Favoring a Decision on the Merits**

4    The final *Eitel* factor is the policy favoring a decision on the merits.  "Cases should be

5    decided upon their merits whenever reasonably possible."   *Eitel*, 782 F.2d 1470, at 1472.

6    However, the existence of Rule 55(b) of the Federal Rules of Civil Procedure, which

7    authorizes default judgments, "indicates this preference, standing alone, is not dispositive."

8    *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.  Defendants' refusal to participate in litigation

9    further makes a decision on the merits unreasonable and impractical.  *Id.*  Therefore, despite

10   the strong policy interest favoring a decision on the merits, this factor weighs in favor of a

11   default judgment.  *Id.*

12   **III.    Conclusion for *Eitel* Factors**

13   After consideration of the *Eitel* factors, the Court finds it appropriate to grant default

14   judgment.

15   **IV.    Damages**

16   Plaintiff brings claims under the FLSA, AMWA, and AWA.  (Doc. 1 at ¶¶79-99).

17   Unlike other allegations during default judgment, damage allegations are not automatically

18   taken as true.  *TeleVideo Sys. Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987).

19   The plaintiff in a default judgment can only recover those damages sought in the complaint.

20   *Phillip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).

21   **A.  FLSA Damages**

22   According to Plaintiff, Defendants did not pay her for eight weeks.  (Doc. 46 at 5).

23   During the workweeks of November 7, 2022 to December 26, 2022,  Plaintiff alleges she

24   worked a total of 144.5 regular hours and 18.5 hours overtime. *Id.* at 5–6.   Adding the

25   overtime hours to the regular work hours brings her total to 163 hours (144.5 unpaid normal

26   hours+18.5 unpaid overtime hours).  She further alleges that during the workweeks of

27   October 17, 2022, and October 31, 2022, she worked 2.5 and 12.5 hours overtime

28   respectively and was not paid the premium rate. *Id.*  Plaintiff therefore alleges a total of

33.5 hours of unpaid overtime (18.5+12.5+2.5) and 163 hours of unpaid regular work hours.  With the federal minimum wage at $7.25 an hour and Plaintiff working 163 unpaid hours, her total minimum wage lost comes to $1,181.75 ($7.25 x 163).  She also states that she worked 33.5 hours of overtime.   Her unpaid overtime damages would be calculated as follows: her regular rate was $25 an hour, therefore her overtime premium was $12.50 ($25 ÷ 2). 29 U.S.C. § 207(a)(2) (employers must pay employees one and a half times their regular rate for overtime).  At $12.50 an hour for 33.5 hours, Plaintiff should have been paid an overtime premium of $418.75 (33.5 x $12.5).  Her total unpaid wages under the FLSA come to $1,600.50 ($418.75 + $1,181.75).  Then, as required by statute, her damages should be doubled.  29 U.S.C. § 216(b) ("employers who violate the FLSA are liable for the unpaid minimum wages and an equal amount as liquidated damages").  Plaintiff's total FLSA damages, therefore, come to $3,201 ($1,600.50 x 2).

### B. AMWA Damages

The AMWA is a state minimum wage statute that requires Arizona employees to be paid no less than $12.00 per hour in addition to yearly costly living adjustments, beginning on or after January 1, 2021.  A.R.S. § 23-363(A),(B).  Plaintiff alleges she was not paid at all during the workweeks of November 7, 2022, to December 26, 2022.  (Doc. 46 at 1).  The Arizona minimum wage in 2022 was $12.80 an hour.  A.R.S.  § 23-363(B).  Accounting for the 163 hours she worked unpaid, the total owed to her under the AMWA is $2,086.40 (163 x $12.80).   Plaintiff also requests treble damages as required under statute, which would bring the total damages to $6,259.20 (2,086.4 x 3).  A.R.S.  § 23-364(G) ("Any employer who fails to pay the wages [. . .] required under this article shall be required to pay the employee the balance of the wages [. . .] and an additional amount equal to twice the underpaid wages or earned paid sick time.").

### C. AWA Damages

The AWA requires employers in Arizona to pay their wages in a timely fashion. A.R.S. § 23-351.  To bring an AWA claim, a plaintiff must state that her employer failed to pay wages within a specified timeframe.  The term employer is more narrowly defined

1    under the AWA than under the FLSA or AMWA.    *Rosen*, 2021 WL 2981590 at *5.  An

2    employer is defined as "any individual, partnership, association, joint stock company, trust

3    or corporation, the administrator or executor of the estate of a deceased individual or the

4    receiver, trustee or successor of any of such persons employing any person."  A.R.S. § 23-

5    350(3).  It excludes officers or agents of a corporation.  *Rosen*, 2021 WL 2981590, at *5;

6    *see also Channel v. Home Mortgage, Inc*, 2005 WL 8160525, at *14 (D. Ariz. Sept. 21,

7    2005).  Damages that result from AWA violations must be resolved, therefore, against the

8    corporate defendant instead of against individual officers.  Here, Plaintiff brings an AWA

9    claim against Lewis Construction Company, LLC.

10        Unlike the FLSA and AMWA, trebling under the AWA is discretionary instead of

11    mandatory.  *See Patton v. Mohave County*, 741 P.2d 301, 305 (Ariz. Ct. App. 1987)

12    (finding treble damages are discretionary).  This discretion "merely reflects that such an

13    award may be inappropriate when a wage dispute involves a valid close question of law or

14    fact which should properly be decided by the courts or when failure to pay wages is due to

15    inadvertent mistake." *Swanson v. Image Bank, Inc*., 43 P.3d 174, 184 (Ariz. Ct. App. 2002)

16    *aff'd in part, vacated in part,* 77 P.3d 439 (internal quotes and citations omitted).  When

17    all reasonable inferences are resolved in Plaintiff's favor, Plaintiff's declarations indicate

18    that the withholding of wages was not the result of a good faith dispute.  Therefore, the

19    Court finds treble damages appropriate.

20        Plaintiff alleges she was not paid at all for 163 hours during the workweeks of

21    November 7, 2022, to December 26, 2022.  (Doc. 46 at 5).  Her regular rate was $25.00

22    per hour, bringing her AWA claim to $4,075.00 (163 x $25.00).  Plaintiff has requested

23    damages be trebled under A.R.S. § 23-355.  As stated above, the Court finds trebling

24    damages appropriate in this instance.  This brings the total damages from AWA violations

25    to $12,225.00 ($4,075.00 x 3).

26        **D. Total Damages**

27        Courts in the Arizona District have held that a plaintiff is only entitled to the

28    maximum damages under a single federal or state statute.  *Xalamihua v. GGC Legacy*

- 13 -

1    *Janitorial Servs. LLC,* 2023 WL 8891393, at *6 (D. Ariz. Dec. 26, 2023); *see also*

2    *Valenzuela v. Esser*, 2023 WL 2815548, at *7 (D. Ariz. Mar. 14, 2023) (finding available

3    legal opinion limits damages to maximum amount under either state or federal statute).

4    Plaintiff has acknowledged this in her motion. (See Doc. 46 at 10). Therefore, the Court

5    will only award the highest damages for the minimum wage hours and the overtime hours

6    separately.

7         To summarize the Court's findings above, Plaintiff has shown that all Defendants

8    have violated the FLSA and AMWA, and that Defendant Lewis Construction Company,

9    LLC has violated the AWA. Aware that larger statutory awards engulf smaller ones,

10   Plaintiff asks for a total damages award of $13,062.50 ($12,225 in unpaid minimum

11   wages+$837.5 in unpaid overtime premium). (Doc. 46 at 10). Plaintiff asks that $7,096.70

12   (consisting of $6,259.00 in trebled unpaid minimum wage damages and $837.50 in doubled

13   unpaid overtime) be awarded against all Defendants, jointly and severally. (Doc. 46 at 10–

14   11). Plaintiff asks the remaining $5,965.90 in unpaid non-minimum wage damages

15   awarded against Defendant Lewis Construction Company.

16   **V.    Conclusion**

17        The Court concludes that the damages requested by Plaintiff are provided for by the

18   AWA under A.R.S. § 23-264(G) and the FLSA under 29 U.S.C. § 216(b). The Court finds

19   that Plaintiff has adequately supported her allegations by the calculations in her Motion for

20   Default Judgment and the supporting affidavit. Plaintiff's calculations are consistent with

21   the Court's find that all Defendants can be held jointly and severally liable under the FLSA

22   and AMWA, but only Defendant Lewis Construction Company LLC can be held liable

23   under the AWA. The Court will grant damages in the amount of $7,096.70 against all

24   Defendants jointly and severally and an additional $5,965.90 against Defendant Lewis

25   Construction Company, LLC, only. The Court will also award post-judgment interest and

26   allow Plaintiff to seek an award of attorneys' fees in accordance with Local Rule of Civil

27   Procedure 54.2.

28   / / /

1    Accordingly,

2    **IT IS ORDERED** that Plaintiff's Motion for Entry of Default Judgment (Doc. 46)

3    is **GRANTED**.  The Clerk of Court is kindly directed to enter judgment as follows:

4    judgment in favor of Plaintiff in the amount of $5,965.90 against Defendant Lewis

5    Construction Company LLC; and judgment in favor of Plaintiff in the amount of $7,096.70

6    against Defendants Lewis Construction Company LLC, Brandin Lewis, Chad Lewis, and

7    Jenniffer Lewis, jointly and severally as set forth in this Order.  These amounts shall be

8    subject to post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. §196.

9    **IT IS FURTHER ORDERED** that Plaintiff may file a motion for costs and

10   attorneys' fees in accordance with Local Rule of Civil Procedure 54.2 within fourteen days

11   of the entry of this Order.

12   **IT IS FINALLY ORDERED** that this case shall be closed.

13   Dated this 9th day of February, 2026.

14

15

16   Honorable Diane J. Humetewa

17   United States District Judge

18

19

20

21

22

23

24

25

26

27

28