**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Mindy Zommick,

Plaintiff,

v.

Lewis Construction Company, LLC, et al.,

Defendants.

No. 2:23-cv-00636-DJH

**ORDER**

Pending before the Court is Mindy Zommick's ("Plaintiff") Motion for Award of Attorneys' Fees and Costs Against Defendants ("Motion") (Doc. 52). Lewis Construction Company, LLC, Brandin Lewis, Chad Lewis, and Jennifer Lewis ("Defendants") have not filed a response. For the reasons set forth below, the Court will grant the Motion in part and deny it in part.

## I. Background

Plaintiff alleged Lewis Construction Company and individual Defendants failed to pay her under the Fair Labor Standards Act ("FLSA"), the Arizona Minimum Wage Act ("AMWA"), and the Arizona Wage Act ("AWA"). (Doc. 1). Defendant, despite originally answering the Complaint, failed to defend this case and the Court ultimately struck their original Answers. (Docs. 9, 21, 42). The Clerk of the Court entered a default against Defendants on November 26, 2024. (Doc. 44). Thereafter, Plaintiff filed a Motion for Entry of Default Judgment that the Court granted. (Doc. 46, Doc. 49). The Court also granted Plaintiff $5,965.90 in damages against Defendant Lewis Construction Company

and $7,096.70 against all Defendants. (Docs. 48-49). Plaintiff now seeks her reasonable attorneys' fees and costs. (Doc. 49). This request includes $21,664.00 in attorneys' fees, $715.05 in out-of-pocket costs, and $9,710.41 in potential collection costs. (Doc. 52 at 8). Since Defendants have not responded, the Court can deem their failure to respond as consent to granting Plaintiff's Motion. *See* LRCiv 7.2(i). Still, the Court will independently review the Motion under Federal Rule of Civil Procedure 55(b)(2) and for compliance with Local Rule 54.2.

## II. Analysis

Under Local Rule 54.1, a party seeking attorneys' fees must show both that the party is eligible for and entitled to an award and that the request is reasonable. LRCiv 54.2(c).

### A. Eligibility and Entitlement

Whether a party is eligible for an award of attorney fees turns on which applicable statutory, contractual, or legal authority the party seeks an award under. *See* LRCiv 54.2(c)(1)-(2). Here, Plaintiffs' counsel is eligible for and entitled to a reasonable award under the FLSA and AMWA. The FLSA states: "[t]he Court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and cost of the action." 29 U.S.C. § 216(b). The AMWA states: "[a] prevailing plaintiff shall be entitled to reasonable attorney's fees and costs of suit." A.R.S. § 23-364(G). To be a prevailing party, Plaintiffs only need to receive at least some relief on the merits of their claim. *Hewitt v. Helms*, 482 U.S. 755, 760 (1987); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). By having default judgment entered in her favor, Plaintiff is the prevailing party and is eligible for and entitled to her reasonable attorneys' fees.

### B. Reasonableness

Under the reasonableness inquiry, the Court relies on the lodestar method. *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990); *see, e.g.*, *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). Two steps make up this approach. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007). "First, the court

established a lodestar by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate," excluding from the requested amount "any hours that are excessive, redundant, or otherwise unnecessary." *Id.* (internal citation omitted). Then, in rare cases, "the district court may adjust the lodestar upward or downward using a multiplier based on facts not subsumed in the initial lodestar calculation." *Id.* (internal citation omitted). Also, the reasonable hourly rate is assessed by "the prevailing market rate" in the relevant community. *Id.* To obtain an award of attorneys' fees and costs, the prevailing party must file a motion for fees and submit evidence in support of the proposed award. *Machowski v. 333 N. Placentia Prop.*, LLC, 38 F.4th 837, 841 (9th Cir. 2022). In determining the reasonable hourly rate, the Court is not guided by the hours charged by the prevailing party's attorney but is rather "guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1220-11 (9th Cir. 1986), opinion amended on denial of reh'g, 808 F.2d 1373 (9th Cir. 1987) (citing *Blum v. Stenson*, 465 U.S. 886. 896 n.11 (1984)).

The number of hours considered in the Lodestar calculus is not limited to those hours expended up to a favorable judgment. Rather, "[i]n statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to an amount of the fee is compensable." *In re Nucorp Energy, Inc.*, 764 F.2d 655-659-60 (9th Cir. 1985). This includes FLSA actions. *See Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 479 (D. Ariz. 2019) ("Indeed, courts within the Ninth Circuit have awarded attorneys' fees to prevailing plaintiffs in FLSA actions for the costs incurred in preparing their motions for attorneys' fees.").

When appropriate, the Court can also judge the reasonableness of the lodestar figure based on the factors listed in *Kerr v. Screen Extras Guild, Inc*. *See Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). Stated precisely, the *Kerr* factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the

> preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (1) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id*. at 70, abrogated on other grounds by *City of Burlington v. Dague*, 505 U.S. 577 (1992).

Here, Plaintiff's counsel was hired on a contingency fee basis. (Doc. 52 at 4, Ex. A, Representation Agreement). According to the agreement with Plaintiff, counsel's contingency fee is 40% of the recovery. (*Id.*) Plaintiff's counsel includes Clifford P. Bendau, II and Christopher J. Bendau. (Doc. 52 at 4). Clifford P. Bendau, II is requesting an hourly rate of $495. (Doc. 52 at 5). In total, he states that he worked 22.1 hours. (*Id.* at 6). At the requested hourly rate, this equals $10,939.50. (*Id.*) Christopher J. Bendau is requesting an hourly rate of $445. (*Id.*) In total, he states that he worked 24.1 hours on this matter. (*Id.* at 6). At the requested hourly rate, this equals $10,724.50. (*Id.*) Plaintiff's counsel also requests an additional $715.05 for out-of-pocket costs, bringing the running total to $22,379.05. (*Id.*) On top of that, Plaintiff's counsel also seeks costs related to future collection efforts and estimates counsel will incur an additional $9,710.41 in collection costs. (*Id.*) In total, Plaintiff's counsel requested attorneys' fees come out to $32,089.46. (*Id.*)

As far as Plaintiffs' counsel's hourly rate is concerned, it is presumptively reasonable. *See Ubinger v. Urb. Housekeeping LLC*, 2024 WL 3045303, at *3 (D. Ariz. June 18, 2024) (finding 24.2 hours worked at $445, for a total of $10,769.00 was presumptively reasonable). However, the Court must now also assess the *Kerr* factors as applied to the Plaintiff's counsel's request. The Court will also address the request for out-of-pocket costs and presumptive collection efforts.

**1. Time and Labor**

Plaintiff represents that their counsel spent 46.2 hours on this case. (Doc. 52 at 6). While the Court takes no issue with the tenth of an hour increment to bill time used by

counsel, the Court will excise time entries that are administrative or clerical tasks. *See Avila v. JBL Cleaning LLC*, 2025 WL 755421, at *2 (D. Ariz. Mar. 10. 2025) (excising time for activities delineated as clerical or administrative from counsel's total hour worked); *see also Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 487 (D. Ariz. 2019). The following entries fall under the umbrella of clerical or administrative and will therefore be subtracted from Counsel's total hours eligible for attorney fees:

- Clifford P. Bendau, II:
  - Finalize, file complaint (0.1 hours)
  - Review Order Setting CMC (0.1 hours)
  - Finalize, file Application for Entry of Default (0.1 hours)
  - Review Clerk's Entry of Default (0.1 hours)
  - Finalize, file motion for default judgment and status report (0.1 hours)
  - Send motion to chambers (0.1 hours)
  - Finalize, file motion for attorneys' fees & costs (0.1 hours)
- Christopher J. Bendau:
  - Review order setting CMC (0.3 hours)
  - Review scheduling order, calendar deadlines (0.4 hours)
  - Receive and review answer of Chad Lewis with Complaint (0.5 hours)
  - Review order granting motion for extension of discovery deadline (0.1 hours)
  - Review order on status report (0.1 hours)

(*See* Doc. 52 at 6, Ex. E, Itemization of Time). Moreover, the following entries lack clarity and support, and will therefore be subtracted from counsel's total hours eligible for attorney fees:

- Christopher J. Bendau:
  - Entry entitled "issues" (0.2 hours)
  - Entry entitled "Defendants" (0.1 hours)

(*See* Doc. 52 at 6, Ex. E, Itemization of Time). The following entry is duplicative and will

therefore be subtracted from Counsel's total hours eligible for attorney fees:

- Christopher J. Bendau:
    - Review order on motion to withdraw (0.1 hours)

The Court will excise these entries from total hours billed as clerical or administrative tasks, unsupported tasks, and duplicate tasks not eligible for attorney fees award. With this, the total hours incurred for Plaintiff's counsel's work, minus the tasks listed above is 43.7 (46.2 minus 2.5). Separately, the adjusted total hours for each attorney come to 21.4 hours (22.1 minus 0.7) for Clifford P. Bendau, II and 22.3 hours for Christopher J. Bendau (24.1 minus 1.8).

**2. Novelty and Difficulty of Questions Involved**

Because this action resulted in default judgment, there were few—if any—novel or challenging questions involved. Plaintiff's counsel concedes as much: "The legal issues presented by Plaintiff were not novel in this jurisdiction." (Doc. 52 at 8). This factor is therefore neutral and does not result in a modification of the amount awarded. *See Ubinger*, 2024 WL 3045303, at *3 ("This case involved a straightforward claim that comes reasonably often before this Court. This factor is neutral.") (cleaned up).

**3. Skill Requisite to Perform the Legal Service Properly**

The Court finds that it takes a moderate amount of skill to litigate FLSA cases. *Verduzco v. Value Dental Ctrs. Mesa W. AZ LLC*, 2022 WL 2718163, at *2 (D. Ariz. July 12, 2022). Despite Plaintiffs' assertion otherwise that this case presented "sophisticated" and "extensive knowledge of the law," the Court is unpersuaded. The skill level required to litigate an FLSA case is moderate.

**4. Preclusion of Other Employment**

The Court finds that Plaintiffs' counsel was not significantly precluded from other work. Plaintiffs' counsel also agrees, stating that Plaintiffs' counsel was not "significantly precluded from other work because of this representation." (Doc. 52 at 9).

**5. Customary Fees**

The Court also finds that Plaintiff's counsel's hourly rate is reasonable. Plaintiff's

counsel asserts $495.00 for Clifford P. Bendau, II and $445.00 for Christopher J. Bendau is a reasonable fee. (*Id.* at 4-6). Recognizing Arizona District Court precedent, the Court agrees. *See, e.g.*, *Lopez v. Babas Motorsports LLC*, 2025 WL 3166859, at *2 (D. Ariz. Nov. 13, 2025) ("Plaintiff's counsel, Clifford P. Bendau, II, and Christopher J. Bendau, are seeking attorneys' fees at the hourly rates of $495 and $445, respectively. Such a rate does not exceed the market rate and is not unreasonable.").

**6. Whether the Fee is Fixed or Contingent**

Plaintiff notes the representation agreement between them and their counsel was on a contingency fee basis. (Doc. 52 at 9). Additionally, Plaintiff asserts because this was a contingency fee agreement, the Court may increase counsel's hourly rate. (*Id.* at 10). "The Court acknowledges that agreeing to a contingency fee basis of representation supports the potential for a larger award of attorneys' fees." *Lemus v. Blackrock CM Inc.*, No. CV-24-02561-PHX-JAT, 2025 WL 460548, at *3 (D. Ariz. Feb. 11, 2025) (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

**7. Time Limitation Imposed**

Plaintiff states: "[t]here was no time limitation imposed by either the client or the circumstances." (Doc. 52 at 11). This factor is therefore accorded minimal weight in the reasonableness inquiry. *See Lemus*, 2025 WL 460548, at *3.

**8. The Amount Involved and Results Obtained**

The Court agrees with Plaintiff that their counsel has achieved favorable results in this case. (Doc. 52 at 11). The Judgment obtained will ensure Plaintiff receives her unpaid wages and additional damages. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). This factor, and the results received, "weighs in favor of awarding the full lodestar amount." *Ubinger*, 2024 WL 3045303, at *3.

**9. Experience, Reputation, and Ability of the Attorneys**

The Court agrees with Plaintiffs' assertion that her counsel, Clifford P. Bendau, II and Christopher J. Bendau, are experienced attorneys in FLSA suits. (Doc. 52 at 11-13).

Plaintiffs' counsel both regularly file FLSA cases in this district court.

**10. The Undesirability of the Case**

While the Court may agree with Plaintiff that this case was undesirable to take on, that does not result in an adjustment to the lodestar amount. (Doc 52 at 13). *See also Ubinger*, 2024 WL 3045303, at *3.

**11. Nature and Length of Professional Relationship with the Client**

Plaintiff's counsel has never represented Plaintiff before this case. (Doc. 52 at 13). This factor is neutral. *See, e.g., Rios v. Lux* Interior & Renovation LLC, No. CV-23-01686-PHX-DJH, 2026 WL 799688, at *5 (D. Ariz. Mar. 23, 2026) (citing *Ubinger*, 2024 WL 3045303, at *3) ("Mr. Bendau has never represented Plaintiff before this case. This factor is neutral.").

**12. Awards in Similar Cases**

Plaintiff asserts the amount of attorneys' fees requested is reasonable. (Doc. 52 at 13). Considering the District of Arizona's precedent, the Court agrees. *See, e.g.*, *Ubinger*, 2024 WL 3045303, at *4 (granting $10,769.00 in attorneys' fees); *Rios*, 2026 WL 799688, at *5) (granting $11,392.00 in attorneys' fees). This factor weighs in favor of the reasonableness of the lodestar amount. *Monge v. DH Brewing Inc.*, No. CV-24-01294-PHX-MTL, 2025 WL 3891029, at *5 (D. Ariz. July 30, 2025).

Based on the above analysis, the Court finds that Plaintiffs' requested attorneys fees are reasonable, with modification. Therefore, the Court will award attorneys' fees in the amount of $20,516.50 (calculated by adding Clifford P. Bendau, II's total fees of $10,593.00 (21.4 hours times $495) to Christopher J. Bendau's total fees of $9,923.50 (22.3 hours times $445)).

**C. Out-of-Pocket Costs**

Plaintiff seeks $715.05 in out-of-pocket costs. (Doc. 52 at 14). This includes $402.00 in a Complaint filing fee and $313.05 for process service costs. (Doc. 52-5 at 8-9, Ex. E, Itemization of Out-of-Pocket costs). A prevailing Plaintiff is entitled to an award of reasonable out-of-pocket expenses under the FLSA. *Romero v. Steel Roots LLC*, No.

CV-23-01033-PHX-ROS, 2024 WL 2389353, at *4 (D. Ariz. May 23, 2024) (citing *Van Dyke v. BTS Container Serv., Inc.*, No. 08-561-KI, 2009 WL 2997105, at *2 (D. Or. Sept. 15, 2009)). The Court finds the filing fee and service costs reasonable and will award these amounts to Plaintiff's counsel. These amounts are taxable costs, and accordingly, Plaintiff must comply with LRCiv. 54.1 to receive them. *See* LRCiv. 54.1(a), (e)(1).

**D. Prospective Collection Costs**

Plaintiff also requests an additional $9,710.41 in anticipated costs and fees. (Doc. 52 at 14). This includes an $850.00 retainer, plus 25% of the recovery for collection efforts, which is estimated to amount to $8,860.41. (*Id.* at 17). In support of this request, Plaintiff files an exhibit containing counsel's Client Representation Agreement on collections matters and a photocopy of a check paying the $850 retainer. (Doc. 52-9 at 1-3) (Ex. I, Check for Retainer and Collection Efforts Agreement).

The Court will not award Plaintiffs' counsel for prospective collection efforts. While the Court recognizes that these fees may be necessary to recover from Defendants, it does not agree that a $9,710.41 award is ripe at this time. While Plaintiff attaches a few cases out of the District of Arizona stating that such speculative costs are recoverable (*see generally* Doc. 52 at 15-17) those decisions appear to run counter to the majority of this District's prior decisions. *See Romero v. Synergy Restoration LLC*, No. CV-24-01602-PHX-MTL, 2025 WL 509259, at *5 (D. Ariz. Feb. 14, 2025) ("The Court finds this request speculative because anticipated collection costs simply are not ripe for award. . . . Until Plaintiff has actually incurred collections costs, this Court cannot be certain that it will award a reasonable amount, as it is required to do by statute."); *Steel Roots LLC*, 2024 WL 2389353, at *4 ("[F]ees and costs are not ripe to recover before Plaintiff incurs them. . . . Any award of collection costs before Plaintiff incurs them is necessarily speculative."); *Ubinger*, 2024 WL 3045303, at *4 ("But costs that Plaintiff has not yet incurred, and may never incur, still qualify as 'speculative.'").

While Plaintiff presents evidence of its methods for calculating anticipated collection costs, Plaintiff does not address Defendants' inability or resistance to pay beyond

speculation. *See Mumphrey v. Good Neighbor Cmty. Servs. LLC*, No. CV-23-00923-PHX-ROS, 2023 WL 8702103, at *5 (D. Ariz. Dec. 15, 2023) (finding that Defendant's failure to appear and participate in the action alone does not support a finding that Defendants will resist payment); *Ramos v. Probuilds LLC*, No. CV-23-01111-PHX-SMM, 2024 WL 1078078, at *9 (D. Ariz. Feb. 26, 2024), report and recommendation adopted, No. CV-23-01111-PHX-SMM, 2024 WL 1071204 (D. Ariz. Mar. 12, 2024) (finding anticipated fees were speculative and unreasonable where Plaintiff's counsel made no showing regarding Defendant's financial status or that Defendants will resist payment.). This Order does not preclude Plaintiff from seeking collection costs should they be incurred.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Attorneys' Fees (Doc. 52) is **GRANTED** in part and **DENIED IN PART**. Plaintiff's counsel will be awarded attorneys fees in the amount of $20,516.50 (for 43.7 hours) and $715.05 in out-of-pocket costs. The Court denies Plaintiff's request for $9,710.41 to cover prospective collection costs.

**IT IS FURTHER ORDERED** that Defendants Lewis Construction Company, LLC, Brandin Lewis, Chad Lewis, and Jennifer Lewis are jointly and severally liable for the full $21,231.55, plus interest accruing at the statutory rate, from the date of this Order.

Dated this 1st day of October, 2026.

Honorable Diane J. Humetewa
United States District Judge